Thomas Patterson was convicted of bigamy, and appealed to this Court, and for that purpose entered into bond with Greenbery Patterson as his surety. The judgment was affirmed, and the certificate thereof sent down to the Superior Court at September Term, 1842, with directions to proceed to execute the sentence and give judgment for the costs in that court. At September Term, 1842, the Superior Court gave a judgment in obedience to the mandate from this Court in regard to the punishment, but that respecting costs was omitted. A rule was obtained at April Term, 1844, on the defendant and his surety to show cause why judgment should not be entered for the costs, or why that rendered in 1842 should not be amended by an entry therein, nunc pro tunc, of a judgment for the costs. At September Term, 1844, the rule was made absolute that judgment should be entered nunc pro tunc, and the defendant appealed.
S. v. Saunders, 8 N.C. 355, establishes that upon an appeal to this Court the appeal bond covers the costs, both of this Court and the courts below. The point has been considered (90) as settled ever since. Some years past one Turner was convicted of murder in Granville, and prayed an appeal, which the Superior Court refused unless he should give a bond that should cover the costs in that court; and he then applied to this Court for a certiorari, offering to give bond for the costs of this Court; but the Court refused it, and he was executed.
As to the mode of entering the judgment, we see no objection. It is a common method of obtaining judgment on appeal bonds to give notice of a motion when it happened to be omitted at the rendering of the principal judgment. But there can be no doubt of the power of the court to supply *Page 70 
a mere formal omission in entering up the judgment of that court, in conformity with the certificate from this Court and in obedience to its mandate. There is no adjudication in the case. That had been made here, or, rather, directed here, and it was the simple duty of the Superior Court to enter the judgment in that court in accordance with it, which may be done at any time. If it were not done voluntarily, this Court would enforce it by mandamus.
PER CURIAM. Affirmed.
(91)